UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Westar Air Cargo of Texas, Inc., *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | CIV 04-1750 PHX JWS | |
| ) | | |
| vs. ) | ORDER FROM CHAMBERS | |
| ) | | |
| Weststar Express Air Cargo, Inc., *et al.*, ) | [Re:   Motion at Docket 60] | |
| ) | | |
| Defendants. ) | | |
| ) | | |

## I.  MOTION PRESENTED

At docket 60, one of the plaintiffs, Triad International Maintenance Corporation ("TIMCO"), has identified four difficult evidentiary matters which it asks the court to resolve in advance of trial on terms advocated by TIMCO.  Defendants Westar Express Air Cargo, Inc. and Sunworld International Airlines, Inc. filed an opposition at docket 69 to which TIMCO replied at docket 75.  Oral argument has not been requested and would not assist the court.

## II.  ISSUES PRESENTED

TIMCO has identified four issues:

1. The admissibility of evidence regarding the post-lawsuit repossession of the aircraft by Plaintiffs Westar Air Cargo of Texas, Inc. and LJH Aviation Management Services Corporation.  Evidence regarding the repossession

should not be admitted because no claim regarding the repossession has been made by Defendants. Similarly, no evidence of claimed damages as a result of that repossession should be admitted.

2. All of Defendants' evidence of damages against TIMCO should be excluded because of Defendants' failure to comply with Rule 26 of the Federal Rules of Civil Procedure, because the contract at issue precludes such damages, and further because Defendants lack any proper proof of damages.

3. Testimony and documents from the Federal Aviation Administration should be allowed.

4. No testimony or opinion evidence regarding TIMCO's alleged lack of compliance with Federal Aviation Regulations and the meaning of those Regulations should be permitted."[1]

These issues are addressed below.

### III.  DISCUSSION

**A.  Post-Lawsuit Repossession**

TIMCO asserts that defendants have never pled a claim based on the repossession of the aircraft.  In response, defendants contend that language in their counterclaims references the unsuccessful repossession attempts that had been made prior to the filing of the lawsuit and explains that there was an on-going process to repossess the aircraft.  An examination of defendants' counterclaims shows that they do

---

[1] Doc. 60 at p. 2.

not set forth any claim against TIMCO based upon repossession of the aircraft. While it would have been impossible to plead such a claim until the repossession had taken place, defendants never asked to amend their counterclaims.

Defendants also point to a statement in their initial disclosures made pursuant to Rule 26 which they say should have alerted TIMCO to the proposition that defendants were seeking money damages for losses sustained by the repossession of the aircraft. :

> Defendants will seek to recover from TIMCO all money damages resulting from the grounding of the Aircraft and the resulting cessation of operations by Sunworld Airlines, ad [sic] all damages resulting from the wrongful seizure of the aircraft.[2]

The court agrees that this did alert TIMCO to the proposition that the damages sought for losses allegedly caused by TIMCO's improper maintenance of the aircraft would include damages to compensate for the wrongful seizure. This, however, is not the same thing as alleging that the wrongful seizure gives rise to liability on TIMCO's part. Rather, read together, the counterclaims and the disclosure statement establish only that among the damages which defendants believe they can prove to have been proximately caused by the improper maintenance are damages to compensate for the losses caused by a wrongful seizure. In sum, while TIMCO is entitled to an order that defendants have no counterclaim against TIMCO based upon a wrongful repossession, if defendants can prove that the improper maintenance proximately caused a wrongful repossession, and that repossession in turn proximately caused losses, then defendants can seek compensatory damages for those losses. However, those damages, if any, will be limited as discussed in the next section of this order.

---

[2]Doc. 69 at p. 6.

**B. Exclusion of Damages Evidence**

TIMCO mounts a multi-pronged attack to preclude defendants from presenting any evidence of damages. The first is that defendant failed to comply with Rule 26 by failing to provide a damage calculation and related materials in their initial disclosures. Rule 26 requires litigants to voluntarily make certain disclosures. Among the matters which must be disclosed is the following:

> (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered. . . .[3]

In the parties' joint Rule 26(f) report filed at docket 17 ("Report"), they agreed that the initial disclosures required by the rule would be made "on or before May 27, 2005." The making of the disclosures is mandatory, "unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan."[4] Defendants made no objection.

TIMCO asserts that defendants have never made the disclosure required with respect to their damages. Defendants do not dispute that proposition. Instead, defendants point to another provision of the Report which indicates that discovery is

---

[3] Fed. R. Civ. P. 26 (a)(1)(C).

[4] *Id.*

needed on the alleged breach of the maintenance agreement by TIMCO and on the damages resulting from that breach.[5]

The problem with defendants' argument is that it conflates discovery–a task undertaken by a party seeking information from its adversary–with the duty to make initial disclosures–a task that falls on each party with respect to its own information.  In virtually any case, no matter how complete a party's initial damages disclosure might be, the court would expect to see it noted in the Rule 26(f) report that discovery is needed on damages.  Any other approach would constitute an admission that the initial disclosure of damages fixed the damages to be awarded.

Rule 37(c) addresses the consequences of a failure to make a disclosure of information pursuant to Rule 26(a):

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions.[6]

Defendants offer no substantial justification for ignoring their obligations.  There is no doubt that the failure to make the disclosure was not harmless, for the absence of the disclosure leaves TIMCO on the eve of trial to guess what damages defendants may attempt to prove, what computation will be used, and what records would support the computation.

---

[5]Doc. 69 at p. 7.  The Report does refer to such discovery: docket 17 at p. 2.

[6]Fed. R. Civ. P. 37(c).

Foreclosing all evidence of damages would be a drastic sanction, for it would effectively eliminate defendants' counterclaims against TIMCO. In attempting to assess whether or not such a drastic sanction is available, the court notes that under Rule 37(a), TIMCO could have brought a motion at any time after May 27, 2005, asking the court to compel compliance by defendants and awarding TIMCO its motion costs. Had TIMCO followed that route, the issue would not have arisen at it has now on the eve of trial. In sum, then while defendants are guilty of ignoring their obligations under Rule 26(a), TIMCO sat on its hands when it should have acted much sooner. In these circumstances, the court concludes that any sanction imposed should reflect the fact that counsel for both sides failed to live up to their responsibilities to their clients and to the court.[7]

The court is aware that in their recently filed proposed Statement of Facts, defendants have represented to the court that based on "the best evidence Defendants can locate" TIMCO is responsible for damages for lost profits associated with a period of time in May and June of 2004.[8] Based on this best evidence, defendants have calculated the damages for which TIMCO is responsible to be $551,869.[9] Given the court's conclusion that both defendants and TIMCO share responsibility for failure to develop this case in accordance with the Federal Rules of Civil Procedure and the court's orders, an appropriate sanction is to limit any recovery of damages by

---

[7]It is appropriate to note that on TIMCO's side the responsibility for inaction rests with its prior counsel, not its present lawyers.

[8]Doc. 73-2 at ¶ 121.

[9]*Id.* at ¶ 122.

defendants from TIMCO to one-third of the amount belatedly calculated and disclosed by defendants. This allocation accounts for the fact that the principal architects of the problem are the defendants. While TIMCO should have policed the issue, the fact is that if defendants had abided by the rules, there would have been nothing to police. Thus, any award of damages against TIMCO for lost profits will be capped at $183,956.33.

In defendants' proposed Statement of Facts, the other component of their damages is said to be $2,500,000 caused by repossession of the aircraft. While there is no claim in this case against TIMCO for repossession of the aircraft, if defendants can prove that a wrongful repossession was proximately caused by improper maintenance, then, as discussed in the previous section, they may attempt to recover such damages as they may be able to prove were proximately caused by the repossession. The court will cap the recovery of such damages at one-third of the $2,500,000 amount belatedly disclosed by defendants. Any award of damages against TIMCO for losses caused by the repossession will be limited to $833,333.33.

TIMCO's next argument is that defendants are foreclosed from recovery of any damages for lost profits, by the contract which forms the basis for their claim. This is essentially a motion for partial summary judgment which is untimely. The court declines to consider the matter at this time. The trier of fact will determine the issue.

TIMCO's next contention is that because N86426 was flying again in August, the most in the way of lost profits which could be recovered would be $75,000. That may be correct, but it is disputed. This matter, too, will be for the jury to resolve.

The final prong of TIMCO's attack on defendants' evidence is that defendants' failure to list witnesses from the FAA dooms the counterclaims for want of competent evidence on causation. Perhaps so, but that is not a matter which the court can decide on the record before it. Suffice it to say, that after the evidence is heard, the court will entertain a motion pursuant to Rule 50(a)(1) if TIMCO believes that defendants failed to present evidence legally sufficient to support a jury verdict for defendants on their counterclaims against TIMCO.

## C.  FAA Documents and Testimony Offered by TIMCO

Timco contends that it is essential to an understanding of this case to consider relevant FAA documentation and to hear testimony from FAA personnel. Defendants do not appear to contest these propositions. Accordingly, the court will admit any FAA documents which are otherwise admissible under the Federal Rules of Evidence and allow the jury to hear deposition testimony from FAA personnel provided that testimony has been obtained on or before May 17, 2007, and transcripts are available to all parties at the final pre-trial conference.

## D. Evidence Regarding Meaning of FAA Regulations and TIMCO's Alleged Failure to Comply

Defendants do not dispute TIMCO's argument that evidence regarding the meaning of the FAA regulations should not be presented. Both sides agree that it is for the court to instruct the jury on what the law may be, and that at least for purposes of this case, the "law" includes FAA regulations. With respect to the proposition that defendants should be foreclosed from presenting any evidence that TIMCO failed to comply with the regulations, TIMCO overreaches. Fact evidence from which the jury

may infer that TIMCO did not comply with a requirement contained in the regulations is admissible, provided that it is given by a witness whose testimony is otherwise admissible under the court's earlier orders, and the Federal Rules of Evidence.

## IV.  CONCLUSION

The motion at docket 60 is **GRANTED** in part and **DENIED** in part as set forth in the text above.

DATED at Anchorage, Alaska this 9th day of May 2006.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE